IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AR HOLDING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-419 (SLR) (MPT) |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

The Court finds that this action ("Action") may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of these actions is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, the parties have stipulated and agreed, subject to approval and order of the Court, that the following Discovery Confidentiality Order ("Order") will govern the use, disclosure, and dissemination of documents, things, and other materials containing confidential information or protected material obtained through discovery in the above-captioned case. Plaintiff and Defendant request that the Court enter this Order in the above-captioned case.

It is hereby **AGREED AND ORDERED:**

1. **Definitions.**

(a) **"Party"**: any party to this action, including all of its officers, directors, employees and consultants.

(b) **"Material"**: all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible, non-tangible or otherwise) by the parties or by non-parties.

(c) **"Producing Party"**: a Party or non-party that produces Material in this action.

(d) **"Receiving Party"**: a Party that receives Material from a Producing Party.

(e) **"Designating Party"**: a Party or non-party that designates Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(f) **"Competitively Sensitive Material"**: Material that would provide advantage to competitors, including but not limited to: research and development of products that are not presently for sale or otherwise marketed; business or investment plans; investment solicitations; customer information and lists; licensing agreements; supply or distribution agreements; sales agreements; and/or letters of intent; and any other Material that the parties agree contains competitively sensitive material.

(g) **"Financial Material"**: Material containing financial information that would provide advantage to competitors, including but not limited to actual or projected: sales or revenue statements; profit and loss statements; cost statements; other financial statements; and/or royalty statements; and any other Material that the parties agree contains financial information.

(h) **"CONFIDENTIAL" Material**: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in

confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain trade secrets or other confidential research, development, or commercial information. CONFIDENTIAL Material includes all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and must be designated as such in the manner described in Section 3.

(i) **"HIGHLY CONFIDENTIAL" Material**: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party reasonably believes contains such highly sensitive information that its disclosure to any employees of an opposing party, including in-house counsel, would present a substantial risk of harm to the competitive position of the Designating Party, and which the Designating Party (i) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (ii) believes in good faith constitutes proprietary Financial Material, technical or scientific Material, or Competitively Sensitive Material that the Producing Party maintains as highly confidential in its business. This designation includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. HIGHLY CONFIDENTIAL Material includes all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and must be designated as such in the manner described in Section 3.

(j) **"Designated Material"**: Material that is designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" under this Order.

**(k)** **"In-House Counsel"**: attorneys (including their paralegals, assistants, and clerical, support, and secretarial staffs) employed by a Party or a Party's parents, affiliates, or subsidiaries.

**(l)** **"Outside Counsel"**: attorneys (including their paralegals, assistants, and clerical, support, and secretarial staffs) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, but who are counsel for a Party.

**(m)** **"Outside Consultant"**: a person with specialized knowledge or experience in a matter pertinent to the action (including their assistants, and clerical, support, and secretarial staffs) who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not a current or anticipated employee of a Party or of a Party's competitor.

**(n)** **"Professional Vendors"**: persons or entities that provide litigation support services (*e.g.*, photocopying, court reporting, audio/visual services (including videotaping and imaging services), translating, coding, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**(o)** **"Qualified Recipient"**: persons properly qualified to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Designated Material, as defined in sections 8 and 9, below.

**2.** **General Limitations on Disclosure and Use of Designated Material.**

Designated Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, may be used by a Receiving Party solely for the purpose of this Action. Unless otherwise agreed to in

writing by the Parties, designated Material may not be used for any other purpose, including, without limitation, the following: any business or commercial purpose, patent prosecution or opinions, a basis for judicial or administrative action, communication with any government agency including the Food and Drug Administration, or dissemination to the media or public.

Any person in possession of Designated Material must take necessary and appropriate measures with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained. If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and must make reasonable efforts to retrieve such Material and to prevent further disclosure.

**3.      Procedure for Designating Materials.**

Any Producing Party producing Material for inspection or review by a Receiving Party may designate such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**(a)      Documents.**  The designation of Material in the form of documents and discovery responses (other than depositions or other pre-trial testimony) must be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page containing information to which the designation applies (and, in the case of computer medium, on the medium label and/or cover). To the extent practical, the legend should be placed near the Bates number identifying the Material. If a document has more than one designation, the more restrictive or higher designation applies.

**(b)      Tangible Materials.**  Tangible materials other than documents, such as biological samples, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate by informing the Receiving Party in writing. Such Materials and any Material

referring or relating thereto or generated therefrom are to be treated in accordance with any such designation.

(c) **Non-tangible Materials.** All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Sections 3(a) or 3(b) above may only be designated by the Designating Party by informing the Receiving Party in writing.

(d) **Deposition Testimony and Transcripts.** Any Party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material that is disclosed at a deposition by (1) indicating on the record at the deposition that the testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL and is subject to the provisions of this Order or (2) notifying the court reporter and all of the parties, in writing within twenty (20) days after receipt of the certified deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The Parties agree to (a) mark the <u>first</u> page of the deposition transcript containing Confidential or Highly Confidential information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or (b) attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control. All deposition transcripts and testimony shall be treated as HIGHLY CONFIDENTIAL from the time of the deposition through the period of twenty (20) days after receipt of the certified transcript.

(e) **Non-party Designations.** Non-parties, including persons, witnesses and entities, who produce Material in this action may avail themselves of the provisions of this Order, and such Material produced by non-parties shall be treated by the Parties in conformance with this

Order.  A non-party's use of this Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

4.      **Inadvertent Production.**

(a)     **Inadvertent Failures to Properly Designate.**  Following a Producing Party's production or dissemination of Material, the inadvertent failure to designate particular Material as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" at the time of production shall not operate to waive a Producing Party's right to later designate such Material as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."  No Party shall be deemed to have violated this Order if, before notification of any later designation, such Material has been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant Material must be treated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" in accordance with this Order.  The Producing Party must promptly provide substitute copies bearing the corrected designation.

(b)     **Inadvertent Production Constitutes No Waiver of Privilege.**  Inadvertent production of any Material which a Party or non-party later claims in good faith should not have been produced because of a privilege or any other immunity from discovery, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Material"), will not be deemed to have waived any privilege or immunity.  A Party or non-party may request the return of any Inadvertently Produced Privileged Material by identifying the Material inadvertently produced and the basis for withholding such Material from production.  If, pursuant to this paragraph, a Party or non-party requests the return of any Inadvertently Produced Privileged Material then in the custody of another Party, such Material (and all copies thereof) must be promptly returned to the requesting Party or non-party.  The Party returning such Material may then move the Court for an order compelling production of

the Material, but the moving party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

**5.     Material Not Covered By This Order.**

No Material shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL if:

**(a)**     it is in the public domain at the time of disclosure;

**(b)**     it becomes part of the public domain as a result of publication not involving a violation of this Order;

**(c)**     the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

**(d)**     the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party; or

**(e)**     the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

**6.     Challenges to Designations.**

**(a)     <u>Application to strike designation.</u>**  A Party seeking to challenge another Party's or non-party's designation of Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL may make a motion or other appropriate application to the Court to strike the designation.  Such motion or application shall identify with specificity the CONFIDENTIAL or HIGHLY CONFIDENTIAL Material that is the subject of the motion, but shall not disclose or reveal the contents of that Material except in the manner prescribed by section 13 of this Order.  If such a motion or application is made, all Material so designated shall maintain CONFIDENTIAL or

HIGHLY CONFIDENTIAL status pending a determination by the Court as to its appropriate status.

(b)    <u>Meet and Confer</u>.   A Party seeking to challenge another Party's or non-party's designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall, before making a motion or application to strike such designation, contact the Designating Party and make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. A motion or application to strike shall identify the moving party's efforts to comply with this subsection and shall state that the parties were unable to resolve the dispute concerning the designation.

## 7.    Inspection of Materials.

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be HIGHLY CONFIDENTIAL and subject to this Order even though no formal designation has yet been made.  Thereafter, the Producing Party shall have fourteen (14) calendar days to review and designate the inspected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  This Material will cease being Protected Material unless designated in accordance with this Order by the Producing Party prior to the expiration of the aforesaid fourteen-day period.

## 8.    Access to CONFIDENTIAL Material.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

(a)    The Court and its personnel;

**(b)** Outside Counsel for each Party whose functions require access to CONFIDENTIAL Material;

**(c)** Outside Consultants, subject to the provisions and limitations set forth in Section 13 herein;

**(d)** Three (3) In-House Counsel for the Receiving Party, subject to the provisions and limitations set forth in Section 13 herein; and

**(e)** Professional Vendors.

**9.** **Access to HIGHLY CONFIDENTIAL Material.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, HIGHLY CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

**(a)** The Court and its personnel;

**(b)** Outside Counsel for each Party whose functions require access to HIGHLY CONFIDENTIAL Material;

**(c)** Outside Consultants, subject to the provisions and limitations set forth in Section 13 herein;

**(d)** Two (2) In-House Counsel for the Receiving Party, subject to the provisions and limitations set forth in Section 13 herein; and

**(e)** Professional Vendors.

**10.** **Undertaking to Be Bound By Order Prior to Disclosure of Protected Material.**

Each person identified in 8(c), 8(d), 9(c) and 9(d) that seeks access to Designated Material shall first agree in writing (per Attachment A) to be bound by the terms of the Order, provided that Outside Counsel and the litigation and clerical support staff retained by Outside

Counsel need not sign.  For each person identified in 8(d) and 9(d) an executed copy of their undertaking (Attachment A) shall be retained by counsel and shall be produced to a Party upon request.  For each person identified in 8(c) and 9(c), an executed copy of their undertaking shall be produced pursuant to Section 13.

**11.     Transmittal of Designated Material.**

Nothing in this Order shall prohibit the transmission or communication of Designated Material between or among Qualified Recipients: (a) by hand delivery; (b) in sealed envelopes or containers via the mails or an established overnight, freight, delivery, or messenger service; or (c) subject to Section 12 below, by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.  To the extent any electronic information is transmitted to Qualified Recipients by hand delivery, in sealed envelopes or containers via the mails or an established overnight, freight, delivery, or messenger service, that information will be password protected beforehand by the sending party.

**12.     Electronic Accessibility.**

The Receiving Party shall ensure that Designated Material is not accessible or transmitted over any electronic system or connection (*e.g.*, the Internet, e-mail) that does not ensure compliance with this Order.

**13.     Disclosure to In-House Counsel and Outside Consultants.**

**(a)     Confidentiality Agreement.**  In-House Counsel and Outside Consultant access to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below.  In-House Counsel shall execute the Agreement to Abide by Discovery Confidentiality Order attached hereto as Attachment A, which shall be produced upon request of any Party.  An Outside Consultant shall execute the Agreement to Abide by Discovery

Confidentiality Order attached hereto as Attachment A and the Confidentiality Agreement attached hereto as Attachment B and Outside Counsel shall provide these executed attachments to the Producing Party when disclosing an Outside Consultant.

(b) **Written Notice for In-House Counsel.** Before a Receiving Party may disclose, directly or indirectly, any Designated Material to In-House Counsel, the Receiving Party must e-mail written notice to the Producing Party's outside counsel of record the following information regarding In-House Counsel:

(1) name of the In-House counsel;

(2) title of the In-House Counsel;

(3) company affiliation for the In-House Counsel; and

(4) the proposed level of access to Designated Material for each In-House counsel identified.

(c) **Written Notice for Outside Consultants**. Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, the Receiving Party must e-mail written notice to the Producing Party's outside counsel of record (1) an executed Attachment A and (2) an executed Attachment B along with the Outside Consultant's current *curriculum vitae*.

(d) **Objection.** A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Designated Material to the identified In-House Counsel or Outside Consultant unless it receives, within seven (7) calendar days, the Receiving Party's objection in writing providing, in sufficient detail, the good faith basis for any such objection.

**(e)     Judicial Intervention.**  If an objection is made, the objecting Party shall contact the Party that provided the written notice and the Parties shall make a good faith effort to resolve any dispute concerning the objection.  If no agreement is reached, the Party requesting access to Designated Material may move the Court for an order that access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Material be granted, or other appropriate relief.  The objecting Party shall have the burden of establishing that Designated Material should not be disclosed to the disclosed individual.  Unless and until the Court determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any In-House Counsel or Outside Consultant to whom an objection has been made.

**14.     Exceptions to Limitations on Disclosure.**

Nothing herein shall prevent disclosure of Designated Material: (a) by the Producing Party of its own Materials to anyone else; (b) by the Receiving Party or its counsel to a current officer or current employee of the Producing Party; (c) by a Party or its counsel to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who has independently received the Designated Material other than through a means constituting a breach of this Order; or (d) by a Party or its counsel to any person who is reasonably identified as previously having had access to the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting breach of this Order.

**15.     Filing Under Seal.**

All transcripts, exhibits, discovery responses, pleadings, briefs, and other Material submitted to the Court that contain or disclose Designated Material shall be filed under seal in accordance with all applicable local rules.

**16.      Use at Depositions, Hearings and Trial.**

(a)      Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning Designated Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(1)      A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party.

(2)      A former director, officer, and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material of which such person has prior knowledge (not involving a violation of this Order), including any such Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party, and which pertains to the time period or periods of such witness's employment or service.

(3)      Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party.  Any person other than the witness, his or her counsel, and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Order to receive Designated Material, then prior to the examination, the attorney shall provide a signed Agreement to Abide by Discovery Confidentiality Order, in the form attached hereto as Attachment A, declaring that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination.  If such attorney declines to sign such an Agreement before the examination, the parties, by their counsel,

shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

**(b)** To the extent that Designated Material or information contained therein is used in depositions, at hearings, or in trial, such documents or information shall remain subject to the provisions of this Order.

**17. Expert Information Not Discoverable or Admissible.**

The parties agree that, other than notes, outlines, and any other writings generated during the normal course of their employment by Outside Consultants (a) who are former employees of a party; and (b) who have, in connection with their employment by a party (and independent of their service as an expert), performed any work related to the use of colchicine, an Outside Consultant's draft reports, notes, outlines, and any other writings relating to his or her work on this case as well as communications with an Outside Consultant relating to his or her work on this case, are exempt from discovery, unless such materials are relied upon by a testifying expert in forming his or her opinions.

**18. Third-Party Availment of Order.**

Non-parties, including persons, witnesses, and entities, may avail themselves of the procedures herein for handling of Materials that they produce.

**19. Stipulations or Additional Relief from the Court.**

The parties may, by stipulation, provide for exceptions to this Order. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Order with respect to particular Designated Material, or from otherwise seeking exceptions, amendments or modifications to this Order from the Court.

**20.     Return of Designated Material.**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after a final, non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this section, "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material.  The Receiving Party's obligation to return or destroy Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Order.  Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that certifies that Designated Material was returned or destroyed and that affirms that neither the Receiving Party nor others to which the Receiving Party disclosed Designated Material has retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material).  Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial. Any such archival copies remain subject to this Order as set forth in Section 22.

**21.     Injunctive Relief.**

The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If anyone violates or threatens

to violate the terms of this Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation and, if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

**22.** **Survival of Order.**

The terms of this Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order.

**23.** **Treatment Prior to Entry of Order.**

Each Party agrees to be bound by the terms of this Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

**24.** **Protected Material Subpoenaed or Ordered Produced In Other Litigation.**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing or Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

directive from another court.

<table>
<tr>
<td>

Morris, Nichols, Arsht &
    Tunnell LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for AR Holding Company, Inc.*

</td>
<td>

Richards, Layton & Finger P.A.

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651–7700
fineman@rlf.com

*Attorneys for Par Pharmaceutical, Inc.*

</td>
</tr>
<tr>
<td>

OF COUNSEL:

Michael G. Rhodes
Michelle S. Rhyu
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
(415) 693-2181

Peter Willsey
Cooley LLP
777 6th Street NW, Suite 1100
Washington, DC  20001
(202) 842-7800

Tryn T. Stimart
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
(703) 456-8000

DATED: September 5, 2012

</td>
<td>

OF COUNSEL:

Richard J. Berman
Janine A. Carlan
Anthony W. Shaw
Arent Fox LLP
1050 Connecticut Ave. NW
Washington, DC 20036
(202) 857-6000
colcrys@arentfox.com

</td>
</tr>
</table>

SO ORDERED this _____ day of _____, 2012.

_____
United States District Judge

6363341

**Attachment A:**
**Agreement to Abide by Discovery Confidentiality Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AR HOLDING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-419 (SLR) (MPT) |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

I certify that I have read the Stipulated Discovery Confidentiality Order for the above-styled case.  I fully understand the terms of the Order.  I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms.  I consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceeding involving the enforcement of that Order.

Respectfully submitted,

Dated : _____

Name : _____

Affiliation : _____

Title : _____

Address : _____

_____

**Attachment B:
Disclosure of Outside Consultants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AR HOLDING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-419 (SLR) (MPT) |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The following information is hereby provided pursuant to Section 13(b) of the parties'

Stipulated Discovery Confidentiality Order.  (Additional pages may be attached if necessary.)

Full Name: _____

City and State of Residence: _____

Current Employer: _____

Business Address: _____

_____

Title: _____

Previous or Current Relationship to Any Party: _____

_____

Listing of Other Actions Involving Testimony by Case Name or Case Number (in the past four

(4) years): _____

_____

Non-confidential Identification of Companies Consulted for or Employed By and Dates (in the

past four (4) years):

_____